UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**JUDGE BUCHWALD**

**07 CV 10390**

JORGE DIAZ, on behalf of himself and
all other persons similarly situated

        Plaintiff,

   v.

ADVANCE TRANSIT CO., INC.

        Defendant.

Case No.:

**COMPLAINT**

**Jury Trial Demanded**



Plaintiff, JORGE DIAZ (hereinafter "DIAZ" or "Plaintiff"), by and through his undersigned attorney, hereby files this Complaint against Defendant, ADVANCE TRANSIT CO., INC. (hereinafter "ADVANCE TRANSIT" or "Defendant"), and states as follows:

## INTRODUCTION

1.  Plaintiff, DIAZ, alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to: (1) unpaid overtime, (2) unpaid minimum wages, (3) liquidated damages, and (4) attorneys' fees and costs from Defendant, ADVANCE TRANSIT.

2.  Plaintiff, DIAZ, further alleges that, pursuant to the New York Labor Law, Art 6 §§190 et seq. and Art. 19, §§650 et seq. (collectively "NYLL"), he is entitled to: (1) unpaid overtime, (2) unpaid minimum wages, (iii) unpaid "spread of hours" premium for each day he worked 10 or more hours, (4) liquidated damages equal to 25% of his unpaid minimum wages, "spread of hours" premium  and overtime wages, and (5) attorneys' fees and costs from Defendant, ADVANCE TRANSIT.

1

and who were not paid the appropriate minimum wages and overtime compensation at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek ("the Collective Action Members").

17. This collective action is so numerous that joinder of all members is impracticable. The exact number of the potential class is unknown, but consists of individuals, most of whom would not be likely to file individual suits because they lack the financial resources, access to attorneys or knowledge of their claims.

18. Plaintiff will fairly and adequately protect the interests of the Collective Action Members. Plaintiff has no interest that is contrary or in conflict with those members of this collective action.

19. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, because joinder of all members is impracticable.

20. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all members. Among the common questions of law and fact common to the Plaintiff and other Collective Action Members are:

      a.     whether the Defendant employed the Collective Action members within the meaning of the FLSA;

      b     what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

      c.     whether Defendant failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty hours per workweek, in violation if the FLSA and the regulations promulgated thereunder;

4

d.    whether Defendant's violation of the FLSA are willful, as that term is used within the context of the FLSA;

e.    whether Defendant is liable for all damages claimed thereunder, including, but not limited to, compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

f.    whether Defendant should be enjoined from such violations of the FLSA in the future.

21. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

22. Plaintiff, on behalf of himself and all Collective Action Members, realleges and reavers Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. At all relevant times, upon information and belief, Defendant, ADVANCE TRANSIT, has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

24. At all relevant times, Defendant employed, and/or continues to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

25. Upon information and belief, at all relevant times herein, Defendant has had gross revenues in excess of $500,000.

5

26. Plaintiff, DIAZ, and the Collective Action Members, were and are entitled to be paid at the rate of time and one-half for their hours worked in excess of the maximum hours provided for in the FLSA.

27. At all relevant times, the Defendant had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to its employees for their hours worked in excess of forty hours per workweek.

28. Defendant failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

29. Plaintiff, DIAZ, and the Collective Action Members, worked hours for which they were not paid the statutory minimum wage.

30. At all relevant times, the Defendant had a policy and practice of refusing to pay the statutory minimum wage to its employees for their hours worked.

31. Defendant failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for their hours worked.

32. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff and the Collective Action Members are in the possession and custody of the Defendant. Plaintiff and the Collective Action Members intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendant, knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, DIAZ, and the Collective Action Members, at

the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

34. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff, DIAZ, and the Collective Action Members, minimum wages for hours worked when it knew or should have known such was due.

35. Defendant failed to properly disclose or apprise Plaintiff, DIAZ, and the Collective Action Members, of their rights under the FLSA.

36. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff, DIAZ, and the Collective Action Members, are entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of Defendant, Plaintiff, DIAZ, and the Collective Action Members, suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime wages, plus an equal amount as liquidated damages.

38. Plaintiff, and the Collective Action Members, are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

### VIOLATION OF THE NEW YORK LABOR LAW

39. Plaintiff, on behalf of himself and all Collective Action Members,  realleges and reavers Paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. At all relevant times, Plaintiff was, and is, employed by the Defendant within the meaning of the New York Labor Law, §§2 and 651.

41. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Defendant willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

43. Defendant willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiff.

44. Due to the Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant his unpaid overtime, unpaid minimum wages, unpaid "spread of hours" premium, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DIAZ, on behalf of himself and the similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of an FLSA Opt-In class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and his counsel to represent the Collective Action members;

b.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

8

Dated: November 14, 2007

Respectfully submitted,

LAW OFFICES OF
ROBERT L. KRASELNIK, PLLC
*Attorneys for Plaintiff and Proposed Collective
Action Members*
40 Wall Street, 28th Floor
New York, NY 10005
Phone: (212) 400-7160
Fax: (212) 400-7162

By: _____
            ROBERT L. KRASELNIK (RK-0684)